# RESCRIPT OPINIONS.

JAMES DeMELLO vs. ALCOHOLIC BEVERAGES CONTROL COMMISSION.
November 4, 1991. *Alcoholic Liquors*, License, Revocation of license.

The plaintiff was the holder of a general license for the sale of alcoholic beverages on premises in New Bedford. In June, 1987, the New Bedford licensing board held a hearing and suspended the plaintiff's license until certain on-site changes had been made and approved and until a transfer of the license to a new owner (as the plaintiff intended) had been completed. The plaintiff closed the premises, took out a building permit to make improvements, entered into an agreement to sell the business, and gave a key to the premises to the prospective new owner. The New Bedford board revoked the plaintiff's license on August 17, 1987, because illegal sales of controlled substances had been made on the premises. Arrests had been made there in June and July. The police had informed the plaintiff about narcotics law violations.

The plaintiff appealed to the defendant commission. The commission concluded that the local board was warranted in revoking the license because the plaintiff violated the commission's regulation (204 Code Mass. Regs. § 2.05 [2] [1986]) which provides that "[n]o licensee for the sale of alcoholic beverages shall permit any . . . illegality of any kind to take place in or on the licensed premises. The licensee shall be responsible therefor, whether present or not." See G. L. c. 138, § 64 (1990 ed.), authorizing revocation of a license of one who has violated or permitted a violation of any law of the Commonwealth. The plaintiff sought review in the Superior Court, where judgment was entered affirming the commission's decision. We transferred the plaintiff's appeal here. We affirm.

Neither the fact that the business was closed nor the fact that the license was suspended limits the application of the commission's regulations to a licensee. The commission's and the board's conclusion that the plaintiff "permitted" the illegalities to occur on the premises was warranted by substantial evidence that the plaintiff gave a key to the property to another, abandoned supervisory responsibility over the premises, and, on being informed of the violations of law committed on the premises, took no steps to correct the situation. The plaintiff need not have been a participant in the illegal conduct to have violated the regulation. See *Rico's of the Berkshires, Inc.* v. *Alcoholic Beverages Control Comm'n*, 19 Mass. App. Ct. 1026, 1027 (1985); 204 Code Mass. Regs. § 2.05 (2) ("The licensee shall be responsible therefor, whether present or not").

*Judgment affirmed.*

*Beth D. Levi*, Assistant Attorney General, for the defendant.
*Joseph P. Harrington*, for the plaintiff, submitted a brief.